IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

SECOND JUDICIAL DISTRICT AT KOTZEBUE

| | |
|---|---|
| TEDDY K. SMITH, | ) |
| Plaintiff, | ) FILED in the Trial Courts<br>) State of Alaska, Second District<br>) at Kotzebue |
| v. | ) MAY 15 2006 |
| MANIILAQ ASSOCIATION,<br>d/b/a Mapvisiq, a/k/a Spud Farm, | ) Clerk of the Courts<br>) By_____ Deputy |
| Defendant. | ) |
| | ) Case No. 2KB -06- 67 ___ Civil |

## COMPLAINT

COMES NOW plaintiff, Teddy K. Smith, by and through his counsel of record, PENTLARGE LAW GROUP, and hereby files his Complaint against defendant and states and alleges as follows:

1. That Plaintiff is a resident of the State of Alaska and was at all times pertinent hereto.

2. Defendant Maniilaq Association, d/b/a Mapvisiq, a/k/a Spud Farm, is a duly licensed corporation doing business in the State of Alaska, Second Judicial District, at or near Kotzebue, and has been at all times pertinent hereto.

3. That the incidents alleged in this accident occurred in the State of Alaska, Second Judicial District at a remote facility known as Mapvisiq, a/k/a Spud Farm which is a recovery program operated by Maniilaq Association from and in or near Kotzebue Alaska.

PENTLARGE LAW GROUP
1400 West Benson Boulevard  Suite 550
Anchorage, AK  99503
(907) 276-1919    276-6000 (Fax)

Complaint
Teddy K. Smith v. Maniilaq Association

1

4. On or about May 29 2004, Teddy K. Smith was voluntarily residing at and seeking treatment at the Mapvisiq a/k/a, Spud Farm, (hereinafter, recovery center). While at the recovery center, Plaintiff Teddy K. Smith was assigned chores and work projects. Teddy K. Smith was not employed by Plaintiff, nor trained to perform the work chores required by the recovery center. On or about May 29, 2004, while being required to install a used water heater at the recovery center, Teddy K. Smith was seriously injured when a rubber hose attached to the supply nipple of the water heater slipped and gave way, causing his hand to strike the sharp metal door of the water heater and severed his tendon. Teddy Smith was provided no safety training nor safety work gloves prior to being required to engage in the work chore of installing the water heater. The incident and Plaintiff's injuries are a direct and proximate result of the Defendant and/or it's agents and/or employees and/or contractors negligence in failing to properly train Teddy K Smith and failure to provide Teddy K Smith proper work gloves.

5. Defendant and/or its agents and/or it employees and/or contractors had a duty to train Teddy K. Smith and provide safety equipment including work gloves for Teddy K. Smith. The Defendant, employees, agents, and contractors breached that duty by failing to properly train Teddy K. Smith in the installation of the used water heater and by failing to provide him safety gloves.

6. As a result of the Defendant's, their agent's, their employee's and their contractor's negligence, Plaintiff has suffered damages including but not limited to, medical expenses, pain and suffering, loss of income, loss of enjoyment of life and other damages all to be proven at trial.

WHEREFORE, having stated his Complaint, plaintiff prays for judgment against the defendant as follows:

1. For general and special damages for plaintiff in an amount in not exceeding $100,000.00, the exact amount to be proven at trial;

2. for pre-judgment and post-judgment interest at the maximum rate allowable by law;

3. for plaintiff's costs and attorney's fees incurred in pursuing this action; and

4. for such other and further relief as the court may deem just and equitable in the premises.

DATED this ____ day of May, 2006, at Anchorage, Alaska.

PENTLARGE LAW GROUP
Attorneys for Plaintiff

By: _____
Robert J. Jurasek
ABA # 9111071

Complaint
Teddy K. Smith v. Maniilaq Association

3